UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES L. LETT, SR.                                         Case No. 04-11858

        Debtor.

LONNIE L. MIXON,

        Plaintiff,

v.                                                           Adv. No. 06-01123

RITA H. LETT,

        Defendant.

**ORDER GRANTING FEES AND COSTS IN THE AMOUNT OF $12,328.31**

Robert H. Turner, Attorney for Plaintiff, Marion, AL
Collins Pettaway, Jr., Attorney for Debtor, Selma, AL
Jeffery J. Hartley, Attorney for Examiner, Helmsing, Leach, Herlong, Newman & Rouse, Mobile, AL

This matter came before the Court on the examiner's attorney's ("Hartley") request for fees and costs. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has authority to enter a final order. For the reasons indicated below, the Court is granting Hartley's fees and costs in the amount of $12,328.31.

**FACTS**

The debtor transferred real property to Rita H. Lett prior to the debtor's filing for bankruptcy. The examiner hired Hartley to assist him in determining whether to file an adversary proceeding against Rita Lett to recover the transfer as a fraudulent transfer. The examiner, based

on the information he possessed before filing the suit, determined a suit was warranted. During the course of discovery, Hartley submitted written interrogatories and requests for production of documents to Mrs. Lett and her attorney on September 18, 2006. One of the questions in the written interrogatories stated:

> Please list the type and date of execution of any and all estate planning documents, including, but not limited to trusts, last wills and testaments and closely held entities executed by you since January 1, 1996.

One of the requests for production of documents requested a copy of all estate planning documents. Mrs. Lett filed her responses on October 23, 2006, to which she responded "None" to both the written interrogatory and the request for production. On November 10, 2006, Hartley deposed Mrs. Lett, asking her again whether she or her husband had previously executed a will or had undergone any type of estate planning. Mrs. Lett again responded in the negative.

The trial regarding the alleged fraudulent transfer was set for January 10, 2007. On January 8, 2007, the examiner filed a motion in limine with the Court, seeking to exclude from evidence a will evidencing estate planning by Mrs. Lett and the debtor which was disclosed and provided to the examiner on January 4, 2007. As a result of her negative responses regarding the existence of a will, Mr. Hartley alleges he spent considerable amounts of time researching fraudulent transfer law and preparing for a trial against Mrs. Lett concerning a fraudulent transfer of the debtor's real property. Had Mrs. Lett disclosed the estate planning documents previously, Mr. Hartley claims that he may not have spent a considerable amount of time pursuing a fraudulent action matter. At the hearing on January 10, 2007, the parties agreed, and the Court ordered, that the motion in limine be denied if Mrs. Lett agreed to pay the fees and costs Hartley

2

incurred as a result of her negative responses. An order to this effect was entered on February 15, 2007, stating that Mrs. Lett was "responsible for and shall directly pay all of the Examiner's fees and expenses, including without limitation, attorneys' fees and costs, incurred as a result of Mrs. Lett's non-disclosure of certain information more specifically described in the Motion in Limine."

On February 20, 2007, Mrs. Lett filed an objection to some of the fees Hartley is requesting, claiming that 36.5 hours were not incurred as a result of Mrs. Lett's failure to disclose. The Court held a telephonic hearing on February 22, 2007. At the hearing, Mrs. Lett's attorney posed objections to several of Hartley's time entries. Specifically, Mrs. Lett's attorney objected to any and all time entries incurred prior to November 10, 2006, which was the date of the deposition. Since that is the time when Mrs. Lett failed to disclose the existence of the will, any hours incurred prior to this date could not have been as a result of Mrs. Lett's failure to disclose. Mr. Hartley countered by stating that Mrs. Lett's failure to disclose occurred on October 23, 2006, which is the date she first filed her responses to his written interrogatories and requests for production. The debtor's attorney opined that awarding fees and costs based on Hartley's assertion that he may not have pursued a fraudulent transfer action had Mrs. Lett disclosed the existence of a will would be improper since it is based on speculation.

Hartley filed a detailed statement of all time entries for which he is requesting fees and costs. Hartley is requesting 55.30 hours at a rate of $185 per hour as a result of legal work conducted by an attorney and 14.40 hours at a rate of $85 per hour as a result of legal work conducted by a paralegal. Hartley is also requesting expenses totaling $1,465.81. The total amount of fees and costs requested is $12,920.31. The Court has reviewed these documents in

3

full.

## LAW

The Court deems the majority of fees and expenses requested to be reasonable since, in the Court's opinion, they were incurred as a direct result of Mrs. Lett's failure to disclose the existence of a will before the lawsuit was even filed. The Court disagrees with Mrs. Lett's attorney that her failure to disclose occurred on November 10, 2006, and instead concludes that it first occurred on October 23, 2006, the date she filed her responses to the written interrogatories and requests for production. Therefore, any of Hartley's time entries incurred prior to November 10, 2006, are not improper.

However, the Court does find that a few of Hartley's time entries should be excluded from the time charged directly to Mrs. Lett. The Court concludes that even though an argument can be made that they were incurred as a result of Mrs. Lett's failure to disclose, it seems more probable that even had Mrs. Lett disclosed the existence of the will, Hartley would nonetheless have incurred these expenses. The time entries the Court is excluding from the request for fees are

| | | |
|---|---|---|
| 01/02/07 | .50 hours | Coordinate legal research on burden of proof and consideration issues; telephone call with Mr. Pettaway; coordinate exhibits and production of same to Mr. Turner, Sr. |
| 01/03/07 | .30 hours | Discussion with Mr. Hartley regarding state fraudulent transfer law. |
| 01/04/07 | .80 hours | Research: Transfers to family members for no consideration. |

4

| | | |
|---|---|---|
| 01/04/07 | .80 hours | Research: Statutory fraudulent transfer law. |
| 01/04/07 | .80 hours | Research: Fraudulent transfer caselaw. |

The Court finds the inclusion of the above 3.2 hours to be outside the parameters of the Court's February 15, 2007, order.[1]  These 3.2 hours were all billed by an attorney; therefore, the $185 rate applies.  After deducting $592 ($185 x 3.2 hours) from the total amount requested, the Court finds that Hartley is entitled to receive $12,328.31.

THEREFORE IT IS ORDERED AND ADJUDGED that Mrs. Lett is ordered to pay Jeffery J. Hartley the sum of $12,328.31 within 30 days of the date of this order.

Dated:   February 26, 2007

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

---

[1] The Court's exclusion of the 3.2 hours only applies within the limited context of this opinion.  The Court's finding should not be read to mean that Hartley may not claim these 3.2 hours from the debtor's estate instead.

5